# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEZIGN LICENSING, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SKECHERS U.S.A., INC.,<br><br>    Defendant. | C.A. No. 8:16-cv-1193-TDC |

## DEFENDANT SKECHERS U.S.A., INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Skechers U.S.A., Inc. ("Skechers") hereby provides its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Jezign Licensing, LLC's ("Plaintiff" or "Jezign") Complaint as follows:

## PARTIES

1.  Skechers is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies them.

2.  Skechers admits the allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.  Skechers admits that the Complaint purports to bring an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, but denies that Plaintiff has any viable claim thereunder.

4.  Skechers admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  Skechers admits that it transacts business within the State of Maryland. Skechers further admits that this Court has personal jurisdiction over it. Skechers denies that it has

committed any acts of infringement in this or any judicial district.  Skechers denies the remaining allegations of Paragraph 5 of the Complaint.

6. Skechers admits the allegations of Paragraph 6 of the Complaint.

**COUNT 1 – INFRINGEMENT OF U.S. DESIGN PATENT NO. D554,848**

7. Skechers admits that what appears to be a copy of United States Patent No. D554,848 ("the '848 Patent") is attached as Exhibit A to the Complaint.  Skechers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint, and therefore denies them.

8. Skechers denies the allegations of Paragraph 8 of the Complaint.

9. Skechers denies the allegations of Paragraph 9 of the Complaint.

10. Skechers denies the allegations of Paragraph 10 of the Complaint.

11. Skechers denies the allegations of Paragraph 11 of the Complaint.

12. Skechers denies the allegations of Paragraph 12 of the Complaint.

**PRAYER FOR RELIEF**

Skechers denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

**DEMAND FOR JURY TRIAL**

Skechers admits that Plaintiff demands a trial by jury on all issues so triable in this action.  Skechers also demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

**GENERAL DENIAL**

Except as specifically admitted herein, Skechers denies each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Skechers asserts the following defenses to Plaintiff's Complaint:

### First Affirmative Defense

Skechers does not infringe and has not infringed any claim of the '848 Patent literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

### Second Affirmative Defense

The '848 Patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands and/or patent misuse and/or unenforceability.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrines of laches and/or equitable estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred by prosecution history estoppel.

### Sixth Affirmative Defense

To the extent that Plaintiff alleges that this case is exceptional, Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Skechers pursuant to 35 U.S.C. § 285.

### Seventh Affirmative Defense

Any claim by Plaintiff for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

### Eighth Affirmative Defense

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### RESERVATION OF RIGHTS

Skechers reserves the right to add any additional defenses or counterclaims that discovery may reveal.

### COUNTERCLAIMS

Defendant/Counterclaimant Skechers U.S.A., Inc. ("Skechers") asserts counterclaims against Plaintiff/Counterdefendant Jezign Licensing, LLC ("Plaintiff" or "Jezign") as follows:

### NATURE AND BASIS OF ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1, *et seq.* Skechers requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent No. D554,848 ("the '848 Patent"); and (ii) the '848 Patent is invalid.

### PARTIES, JURISDICTION, AND VENUE

2. Skechers is a Delaware corporation with a principal place of business in Manhattan Beach, California.

3. According to Plaintiff's Complaint, Plaintiff is a New York limited liability company with a principal place of business in Bethesda, Maryland.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over Plaintiff by virtue of the fact that Plaintiff has submitted to the jurisdiction of this Court by bringing the instant action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL ALLEGATIONS

7. Upon information and belief, Plaintiff purports to be the owner by assignment of the '848 Patent.

8. Skechers does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '848 Patent.

9. Upon information and belief, all claims of the '848 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## CLAIM I

**(Declaratory Judgment of Non-Infringement)**

10. Skechers realleges and reincorporates the allegations of Paragraphs 1 through 9, inclusive, of its Counterclaims as if set forth herein in full.

11. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, *et seq.*, concerning Skechers' non-infringement of the claims of the '848 Patent.

12. Skechers is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '848 Patent.

## CLAIM II

### (Declaratory Judgment of Invalidity of the '848 Patent)

13. Skechers realleges and reincorporates the allegations of Paragraphs 1 through 9, inclusive, of its Counterclaims as if set forth herein in full.

14. There is an actual and justiciable controversy between the parties concerning the validity of the patent asserted against Skechers for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

15. Skechers is entitled to a judicial declaration and order that the '848 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Skechers requests judgment in its favor and against Plaintiff as follows:

(i) Plaintiff recovers nothing and its Complaint be dismissed with prejudice;

(ii) The Court declare that Skechers has not and does not infringe, induce infringement, or contribute to the infringement of any claim of the '848 Patent;

(iii) The Court declare and order that the '848 Patent is invalid;

(iv) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Skechers its reasonable attorney fees in this action;

(v) All costs be taxed against Plaintiff; and

(vi) Skechers be granted such other and further relief as the Court deems just and proper.

Dated: June 17, 2016				Respectfully submitted,


				*/s/* Scott J. Pivnick
				Scott J. Pivnick (MD Bar No. 15168)
				scott.pivnick@alston.com
				ALSTON & BIRD LLP
				The Atlantic Building
				950 F. Street, NW
				Washington, DC 20004-1404
				Tel: (202) 239-3300
				Fax: (202) 239-3333

				*Attorney for Defendant Skechers U.S.A., Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th of June 2016, a copy of the foregoing was filed electronically with the Court and served upon all counsel of record via ECF to the counsel listed below:

Andrew D. Freeman (Fed. Bar No. 03867)
Albert Elia (Fed. Bar No. 14130)
Brown Goldstein & Levy, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
adf@browngold.com
aelia@browngold.com

Matthew M Wawrzyn (pro hac vice)
Wawrzyn and Jarvis LLC
233 S Wacker Dr. 84th Fl
Chicago, IL 60606
Tel: (847)274-9844
Fax: (312)283-8331
Email: matt@wawrzynlaw.com

*Counsel for Plaintiff Jezign Licensing, LLC*

      */s/ Scott J. Pivnick*
      Scott J. Pivnick

*Counsel for Defendant Skechers U.S.A., Inc.*